(No. 97-CV-0923—

*In re* APPLICATION OF SHIRLEY M. HENSON

*Order filed January 30, 1998.*
*Order on petition for rehearing filed March 31, 2000.*

SHIRLEY M. HENSON, *pro se.*

JIM E. RYAN, Attorney General (DONALD C. McLAUGH-LIN, JR., Assistant Attorney General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on September 8, 1996. The Claimant, Shirley M. Henson,

seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.* (1996).

This Court has carefully considered the application for benefits submitted on October 2, 1996, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on September 8, 1996, the Claimant was injured by an offender who was not known to her. The incident occurred at 1120 West Catalpa, Chicago, Illinois. Police investigation revealed that the Claimant was injured during a robbery. The Claimant, on her application for compensation, alleges that she could not return to work until August 8, 1997, due to the injuries sustained during the incident. In further support of this, the Claimant submitted a report purportedly prepared and signed by the attending physician which stated that the Claimant received treatment for injuries incurred solely as a result of the incident, and that those injuries kept the Claimant from returning to work until August 8, 1997. Further investigation by the Attorney General's office revealed that the treatment the Claimant received from the physician was unrelated to the incident and that the report was neither prepared, signed, nor concurred with by the physician.

2. That pursuant to section 20(a) of the Act (740 ILCS 45/20(a)), a person who has willfully misstated or omitted facts relevant to the determination of whether compensation is due under this Act or of the amount of that compensation, whether in making application for compensation or in the further proceedings provided for in this Act, shall be denied compensation under this Act.

3. That it appears from the investigatory report and the police report that the Claimant willfully misstated relevant facts to obtain compensation under the Act by submitting a signed physician's report that was neither prepared, signed nor concurred with by the attending physician. Therefore, the Court finds that the Claimant has willfully misstated information and that she should be denied compensation pursuant to section 20(a) of the Act.

4. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## ORDER

HESS, J.

This matter is before the Court on Claimant's petition for rehearing and the Commissioner's recommendation, filed after the Commissioner conducted a hearing. The Court being fully advised in the premises states as follows:

Claimant applied for benefits under the Crime Victims Compensation Act on or about October 2, 1996, for injuries allegedly suffered when she was robbed. By order of January 30, 1998, Claimant's claim was denied.

Claimant submitted a report, allegedly signed by her doctor, stating that she suffered injuries, which he treated her for in the robbery. The Attorney General's office investigated this doctor's report. The doctor denied signing the report. This evidence appears to present a situation where the Claimant is attempting to perpetrate a fraud upon the Court. Section 14 of the Court of Claims Act (705 ILCS 505/14) provides that a fraud upon the State

results in the claim being "forever barred from prosecution in the court."

Accordingly, Claimant's petition for rehearing is denied. Claimant's application for benefits under the Crime Victims Compensation Act is dismissed and forever barred.